SANTOS JIMÉNEZ SOLÁ, Appellant, *v.* REGISTRAR OF
PROPERTY OF CAGUAS, Respondent.

No. 1128. Submitted November 1, 1943.—Decided November 4, 1943.

*Enrique Rincón* for appellant.  The registrar appeared by brief.

Mr. Acting Chief Justice Travieso delivered the opinion of the court.

The present appeal has been taken by Santos Jiménez Solá from two record notes, both dated August 3, 1943, made by the Registrar of Property of Caguas, at the foot of two deeds of sale.  By the first of said deeds the Municipality of Caguas sold a lot to Ramón Díaz Reyes and his wife, and by the second, the latter sold the same lot to the appellant. In both notes the registrar states that said deeds are recorded only "as to the sale of the naked ownership of the lot."  The appellant prays that this court order the respondent registrar to make at his own cost new records of said deeds.

He bases his petition on the decision of this court of July 14, 1943, in administrative appeal No. 1122 (*ante,* p. 335), whereby the registrar was ordered to record the sale title to the above-mentioned lot in the name of Ramón Díaz Reyes and at the same time a ruling of the Registrar of Caguas refusing to record the title to the lot was reversed.

In accordance with said decision, the registrar was bound to record the title to said lot in the name of Ramón Díaz Reyes, and he did so.  No appeal lies from said record note.  According to the "Act to provide for appeals from the decisions of registrars of property (Comp. Stat. 1911, p. 425), an administrative appeal may be taken only when the registrar denies or suspends any record, entry, or cancellation.  We are not dealing now with a case where the registrar has failed to pass upon a document or has denied

the record thereof by reason of a curable defect, or has made such record subject to a curable defect, but where the appellant has requested that a certain record be annulled and a new record made, which might affect the rights of other persons.

Since the court has not before it the necessary documents to decide that question, and since none of the grounds provided by law for appealing to this court from the decisions of a registrar is present in this case, the appeal must be dismissed for want of jurisdiction, without prejudice to any rights to which the parties may be entitled. See the cases of *Orta* v. *Registrar*, 60 P.R.R. 768; *Banco de Ponce* v. *Registrar*, 58 P.R.R. 605; *Comunidad Religiosa* v. *Registrar*, 55 P.R.R. 896; *Balzac* v. *Registrar*, 48 P.R.R. 165; *Mollfulleda* v. *Registrar*, 19 P.R.R. 950; and *Bartolomei* v. *Registrar*, II *S.P.R.* 589, 590.